UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SYSCO MACHINERY CORP., <br><br> Plaintiff, <br><br> v. <br><br> CYMTEK SOLUTIONS, INC., and <br> CYMMETRIK ENTERPRISE CO. LTD., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil No. 22-11806-LTS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER ON PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION (DOC. NO. 4)

December 20, 2022

SOROKIN, J.

Plaintiff Sysco Machinery Corp. sued Defendants Cymtek Solutions, Inc. and CymMetrik Enterprise Co. Ltd. Doc. No. 1. The Complaint alleges three claims: (1) violation of the federal Defend Trade Secrets Act; (2) violation of federal copyright law and (3) violation of Massachusetts General Laws Chapter 93A. Each party is a Taiwanese entity with a principal place of business in Taiwan. Sysco alleges that several of its employees stole numerous confidential protected files containing Sysco trade secrets created over the past twenty years and used these files to create a new company, Cymtek Solutions, with the knowing assistance of CymMetrik Enterprise.

Sysco sought an *ex parte* temporary restraining order (TRO) against both Defendants, Doc. No. 4, which the Court granted on November 17, 2022, subject to various conditions requiring notice to the Defendants and lawyers in Taiwan representing the Defendants in related litigation arising out of the same course of events. Doc. No. 18. The Court extended the TRO on

November 30, 2022, again *ex parte*, subject to similar conditions. Doc. No. 23. Subsequently, counsel for CymMetrik Enterprise and Plaintiff filed a joint request that the Court vacate the TRO as to CymMetrik Enterprise, Doc. No. 26, which the Court allowed. Doc. No. 31. CymMetrik Enterprise has filed a motion to dismiss which is not yet ripe. Doc. No. 30. Plaintiff Sysco seeks no further injunctive relief against that defendant at this time.

At about the same time, the Court held a conference with counsel for Sysco and Cymtek Solutions, after which the Court extended the TRO, largely without objection, as to Cymtek Solutions until 11:59 PM on December 20th to permit these two parties an opportunity to negotiate the dispute and, if not, an opportunity for briefing and hearing on the pending request for a Preliminary Injunction (PI). The parties did not reach agreement. Doc. No. 46. The Court held a non-evidentiary hearing on December 20, 2022. No party requested the opportunity to present witnesses.

Cymtek Solutions advances numerous objections to the request for injunctive relief, including challenging: subject matter jurisdiction, personal jurisdiction, likelihood of success on the merits, the convenience of this forum, and irreparable harm. Doc. No. 47. Sysco bears the burden to establish its entitlement to injunctive relief applying the familiar four-part test governing such motions. See Nieves-Marquez v. P.R., 353 F.3d 108, 120 (1st Cir. 2003). Sysco cannot establish a likelihood of success on the merits of any of its three claims, thus the Court denies the Motion. The Court addresses likelihood of success first rather than subject matter jurisdiction because the issues overlap or bleed into each other to some extent.

Count I asserts a violation of the federal Defend Trade Secrets Act. Doc. No. 1 ¶¶ 103–124. This claim arises under 18 U.S.C. § 1836, which provides an "owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a

product or service used in, or intended for use in, interstate or foreign commerce." Id. § 1836(b)(1). Section 1839(5) defines "misappropriation" to include "disclosure or use of a trade secret of another without express or implied consent by a person who" had certain knowledge or used certain means. Assuming without deciding that Sysco possessed one or more protectible trade secrets, that Cymtek Solutions took those trade secrets without authorization, and that Cymtek used them improperly to make the competing machines in Taiwan (or elsewhere outside the United States), all of that conduct occurred in Taiwan or outside the United States. There was neither "misappropriation" in the United States nor an "act in furtherance of the offense . . . committed in the United States." 18 U.S.C. § 1837(2). Nonetheless, Sysco claims that selling or distributing machines in the United States made outside the United States from its allegedly stolen trade secrets is "use" of the trade secret. However, Sysco has not demonstrated a likelihood of success in establishing that the ordinary understanding of "use" of a trade secret, as that term is used in the statute, reaches the sale of machines in the US created from the use of the trade secret in another country. It cites no case so holding. The related limitations on extraterritorial jurisdiction, 18 U.S.C. § 1837, are not supportive of Sysco's construction, nor are the civil seizure provisions of Section 1836, which aim at the trade secrets itself or the property containing it, but do not seem to authorize the seizure of products produced from use of the trade secret. 18 U.S.C. § 1836(b)(2). Accordingly, Sysco has not established a likelihood of success on Count I.

Count II asserts a copyright violation. Doc. No. 1 ¶¶ 125–145. Specifically, Sysco claims it holds United States copyrights in various schematic and technical drawings depicting the layout of various parts forming portions of a large machine it sells. It does not contend that Cymtek Solutions published these works without permission. Rather it contends that Cymtek

Solutions used these copyrighted works to manufacture its own version of Sysco's machine, thereby, so Sysco's argument goes as explained in the hearing, violating Sysco's copyrights in the drawings by manufacturing a copy, a derivative work, or a machine "embodying" the copyright. For this novel proposition, Sysco offers no direct legal authority applying copyright law in this manner. At the hearing it analogized to copying an Andy Warhol etching, but that is an artistic work of a wholly different nature. Nor does the Court find persuasive or apt the analogy to the principle that an executable version of software may violate the copyright in the underlying source code. The Court is not alone in finding Sysco's novel proposition unsupported in the law. Copyright protection "does not extend to the use of those [technical] drawings to create the useful article described in those drawings." RJ Control Consultants, Inc. v. Multiject, LLC, 981 F.3d 446, 456 (6th Cir. 2020); see also Niemi v. Am. Axle Mfg. & Holding Inc., No. 05-74210, 2006 WL 2077590, at *3 (E.D. Mich. July 24, 2006) (ruling that "the manufacture of a machine from a copyrighted technical drawing is clearly not copyright infringement") (citing Nat'l Med. Care, Inc. v. Espiritu, 284 F.Supp.2d 424 (S.D.W.Va. 2003). Simply put, Sysco has neither established a likelihood of success on their legal proposition or, if the proposition is accepted as the law, that the "aesthetic," as it put it at the hearing, is likely violated by Cymtek Solutions' machine. Accordingly, Sysco fails to meet its burden to establish a likelihood of success on Count II.

Count III asserts a 93A claim. A claim under Chapter 93A does not lie unless "the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth." Mass. Gen. Laws ch. 93A, § 11. This is not so. Virtually of the relevant (and allegedly unfair or deceptive) acts occurred in Taiwan. At best, Cymtek Solutions sold some products to a

distributor with knowledge that the distributor would send these products to Massachusetts. At most there is evidence of these actions involving one or two products. Accordingly, Plaintiff fails to meet its burden to establish a likelihood of success on Count III.

Without a likelihood of success on any claim, the motion for a PI fails. The Court further VACATES the previously issued TRO. The Court notes substantial doubts as to whether Plaintiff has met its burden to establish personal jurisdiction in that even if a product of Cymtek Solutions came to Massachusetts, that is not necessarily "solicitation" or availment. The Court has not resolved the other objections made by Cymtek Solutions, and further notes the obvious forum non conveniens issue. The parties shall file a joint status report within seven days setting forth their joint or separate positions as to the schedule governing this matter and anything else the parties wish to bring to the Court's attention.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge