IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SYSCO MACHINERY CORP., <br><br> Plaintiff, <br><br> v. <br><br> CYMTEK SOLUTIONS, INC., and <br> CYMMETRIK ENTERPRISE CO. LTD., <br><br> Defendants. | Civil No. 22-11806-LTS |

## PLAINTIFF SYSCO MACHINERY CORP.'S
## MOTION FOR RECONSIDERATION

Plaintiff Sysco Machinery Corp. ("Sysco"), by and through its undersigned counsel, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, hereby moves this Court for reconsideration of the Court's Order on Plaintiff's Motion for a Preliminary Injunction (Doc No. 49). For its Motion, Sysco states as follows:

1. On November 16, 2022, the Court heard argument on Plaintiff's Motion for TRO and, on November 17, 2022, granted the Motion. (Doc No. 18).

2. The Court determined that Plaintiff demonstrated a likelihood of success on the merits of its claims and that it would suffer irreparable harm in the absence of injunctive relief. (*Id.* at 2).

3. Specifically, the Court found that:

> Plaintiff spent 40 years and tens of millions of dollars building its brand and developing its machinery as a pioneer in the industry; Defendants misappropriated Plaintiff's trade secrets, infringed Plaintiff's copyrighted works, and committed unfair and deceptive trade practices, all for the purpose of usurping Plaintiff's customers and business opportunities and undermining Plaintiff's position in

1

the marketplace in a matter of months, which constitutes irreparable harm.

(*Id.*)

4. On November 30, 2022, the Court extended the TRO, and again on December 12, 2022. (Doc. Nos. 23, 43).

5. After a conference with counsel, the Court scheduled a preliminary injunction hearing to take place on December 20, 2022. (Doc. No. 43).

6. On the afternoon of December 19, 2022, Cymtek filed a Response to Sysco's Motion for TRO (Doc. No. 47), to which it attached multiple declarations containing purported facts not previously known to Sysco. (*See* Doc. Nos. 47-1, 47-11). Cymtek's Response also raised, for the first time, the argument that the Court lacks subject matter jurisdiction to hear this action because Sysco could not show that any "act in furtherance of the offense was committed in the United States" pursuant to 18 U.S.C. § 1837. (Doc. No. 47 at 17-18).

7. On December 20, 2022, the Court held a preliminary injunction hearing. (Doc. No. 48). While Sysco did not have an opportunity to respond in writing to Cymtek's December 19, 2022 Response, during the preliminary injunction hearing, Sysco identified numerous acts committed by Cymtek in furtherance of its misappropriation in the United States,

8. Moreover, in a further effort to address the arguments raised by Cymtek for the first time on December 19, 2022 regarding whether any "use" occurred in the United States under 18 U.S.C. § 1837, Sysco prepared a presentation which it delivered to both the Court and Cymtek's counsel. In that presentation, Sysco also clearly identified case law supporting its response to Cymtek's new argument regarding the extraterritoriality requirements of 18 U.S.C. § 1837. (*Id.* at 95-96).

9. On December 20, 2022, the Court entered the Order, denying Sysco further injunctive relief and vacating the TRO. (Doc. No. 49).

10. With respect to Sysco's claim under the Defend Trade Secrets Act ("DTSA"), the basis of the Court's determination that Sysco failed to establish a likelihood of success on the merits was that "all of th[e] conduct occurred in Taiwan or outside the United States," that Sysco "cite[d] no case" holding that "use" reaches the sales of machines in the United States, and that the "limitations on extraterritorial jurisdiction" under 18 U.S.C. § 1837 did not support such a construction. (Doc. No. 49 at 3).

11. Fed. R. Civ. P. 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

12. Moreover, under Rule 54(b), the interests of justice favor reconsideration if the movant demonstrates a clear error of law in the first order. *Monsarrat v. Zaiger*, 303 F. Supp. 3d 164, 166 (D. Mass. 2018).

13. Sysco demonstrated that Cymtek engaged in various conduct in the United States to further its misappropriation of Sysco's trade secrets, including the marketing and sale, or attempted sale, of Cymtek's products in the United States, attending trade shows, and having telephone calls and conducting virtual meets with U.S.-based companies. As a matter of law, these acts constitute "act[s] in furtherance of [use]" under Section 1837 of the DTSA.

14. Accordingly, the Court made a clear error of law when it denied Sysco injunctive relief on the sole basis that "all of th[e] conduct occurred in Taiwan or outside the United States," that Sysco "cite[d] no case" holding that "use" reaches the sales of machines in the United States, and that the "limitations on extraterritorial jurisdiction" under 18 U.S.C. § 1837 did not support such a construction. (Doc. No. 49 at 3).

WHEREFORE, Sysco respectfully requests that this Court grant its Motion for Reconsideration, revise the Order pursuant to Rule 54(b), and grant Sysco the requested injunctive relief. In the alternative, because Sysco was not afforded a fair and reasonable opportunity to respond to Cymtek's December 19, 2022 Response, Sysco requests that the Court revise the Order, permit supplemental briefing on the issue raised in Cymtek's Response, and hold in abeyance Sysco's request for injunctive relief.

Dated: December 30, 2022

Respectfully submitted,

Dickinson Wright PLLC

/s/ *Christopher E. Hanba*
Christopher E. Hanba (BBO #667583)
Dickinson Wright PLLC
607 W. Third Street, Suite 2500
Austin, Texas 78701
(512) 582-6889
Fax (844) 670-6009
chanba@dickinson-wright.com

Ariana D. Pellegrino
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd. Ste. 300 Troy, MI 48084
(248) 433-7200
apellegrino@dickinsonwright.com

Christopher J. Somma (BBO# 624988)
SOMMA LAW PLLC
130 Mill Road
Durham, NH 03824
(603) 733-0092
Christopher@sommalawpllc.com

*Counsel for Sysco Machinery Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2022, this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                           */s/ Christopher E. Hanba*
                                           Christopher E. Hanba